## ED DILLARD v. STATE.

No. A-5077.  Opinion Filed June 24, 1925.
(236 Pac. 919.)

W. L. Coffey, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charges that in Tulsa county, September 4, 1923, Ed Dillard "did unlawfully, willfully, and knowingly permit a gaming table and other device to be set up and used for the purpose of gambling, and did then and there unlawfully, willfully, and knowingly permit gambling in a house belonging to and in the possession and under the control of said defendant." On the trial the jury returned a verdict finding him guilty as charged in the information and fixing his punishment at a fine of $100 and confinement in the county jail for 30 days. From the judgment he appealed, by filing in this court March 22, 1924, petition in error with case-made.

The errors assigned question the sufficiency of the evidence to support the verdict and judgment of the court. No brief in support of the assignments of error has been filed, and when the case was called for final submission no appearance was made in behalf of appellant. The information was drawn under section 1926, C. S. 1921.

An examination of the record leaves no reasonable question in our minds as to the sufficiency of the evidence to justify the submission to the jury of the question as to the defendant's guilt. Three officers testified that they observed a gambling game in the back room of appellant's place of business; three or four men were playing cards, each having money on the table, in view of appellant; that they arrested the gamblers and appellant. The testimony of appellant as a witness in his own behalf is as follows:

"I have a barber shop, cold drink stand, and barbecue pit; if gambling was going on in the back room that night, I did not know it. I never permitted or agreed for any persons to play cards for money in my place."

Upon an examination of the whole record we find no prejudicial error. The judgment is therefore affirmed.

BESSEY, P. J., and EDWARDS, J., concur.